Mary Frudden
Nevada State Bar No. 3973
Jon E. Frudden
1902 Carter Dr.
Reno, NV 89509
775-324-7078

*Pro Se* On Behalf of Themselves and their Minor Children

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 0 3 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARY FRUDDEN, et al.                Case No. 3:11-cv-00474-RCJ-VPC

   Plaintiffs,

v.                                  **PLAINTIFFS' REPLY TO DEFENDANTS'
                                    OPPOSITION AND OBJECTIONS TO PLAINTIFFS'
                                    REQUEST TO TAKE JUDICIAL NOTICE**

KAYANN PILLING, et al.
_____/            Oral Arguments set for January 17, 2012

Plaintiffs, MARY FRUDDEN and JON E. FRUDDEN, individually and as parents and guardians of their minor children JOHN and JANE DOE, hereby file their Reply to Defendants' Opposition and Objections to Plaintiffs' Motion to Take Judicial Notice. This Reply is made and based upon the Memorandum of Points and Authorities attached hereto, the documents on file herein, and any other matter the Court deems necessary and pertinent to this Reply and underlying Motion.

DATED:    January 3, 2012.

By: /s/ Mary Frudden
MARY FRUDDEN, ESQ.
Nevada State Bar No. 3973
and JON E. FRUDDEN
*Pro Se*
1902 Carter Dr.
Reno, NV 89501
Telephone: 775-324-7078
maryfrudden@sbcglobal.net

On Behalf of Themselves and their Minor Children

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants oppose and object to the Court's taking judicial notice of the adjudicative facts requested by Plaintiffs because:

(1) The holding in *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *cert. denied* 512 U.S. 1219 (1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)) prevents Plaintiffs from seeking judicial notice of certain documents;

(2) Certain adjudicative facts requested to be judicially noticed under Plaintiffs' JNM, Section II.C are already alleged in Plaintiffs' FAC and thus taking judicial notice is "superfluous and unnecessary;"

(3) Plaintiffs' Motion constitutes an improper sur-reply and should therefore be disregarded or stricken;

(4) The facts requested to be noticed under Plaintiffs' JNM, Sections II.A, B and D are not properly subject to judicial notice because they are legislative facts and not adjudicative facts; and

(5) The authorities cited by Plaintiffs are inapposite.

Plaintiffs address these contentions below.

## II. ANALYSIS

### A. THE HOLDING IN BRANCH DOES NOT PRECLUDE PLAINTIFFS' JNM

Defendants first attack Plaintiffs' JNM apparently contending that the Ninth Circuit's holding in *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994), *cert. denied* 512 U.S. 1219 (1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) prevents Plaintiffs from attaching documentary evidence to their JNM. Opposition, 3:22-5:2. Although it is true that *Branch* concerned matters on which defendant sought judicial notice, the Court did not limit its holding to such circumstances. In fact, the express holding was far more expansive: "[w]e hold that documents whose contents are alleged in a complaint and whose

authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Id.* at 454. Nothing in the holding either expressly or implicitly limits its application to documents sought to be noticed by a defendant.

Plaintiffs request the Court to take judicial notice of the Written Uniform Policy, the Roy Gomm Elementary School uniform shirt, the banners on the fences at Roy Gomm, emails from Defendant Pilling to Plaintiff Mary Frudden, Mary Frudden's June 6, 2011 letter to the Washoe County School District Board of Trustees, and Defendant Rauh's June 28, 2011 letter to Mary Frudden, all of which are referred to and whose contents are alleged in Plaintiffs' FAC.

Defendants' limited interpretation of *Branch* should not be applied in this instance in order to bar Plaintiffs' JNM. Furthermore, since Defendants did not dispute the authenticity of any of the materials attached to Plaintiffs' JNM, Opposition to JNM (no dispute as to authenticity), Plaintiffs' Motion should be granted.

**B.    PLAINTIFFS' JNM IS NOT SUPERFLUOUS, UNNECESSARY, OR A WASTE OF THE COURT'S TIME**

Defendants' second contention of superfluousness and necessity is also without merit. In a civil case, a judicially noticed fact is conclusive. Fed.R.Evid. 201(f). Moreover, the language of Fed.R.Evid. 201(c)(2) makes clear that judicial notice is mandatory under certain circumstances. A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed.R.Evid. 201(c)(2)[1]; *Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1075 (9th Cir. 2010)(Judicial notice "must be taken when a party requests it and supplies all necessary information"). The "necessary information" criteria is satisfied when the party requesting judicial notice identifies the adjudicative facts requested to be judicially noticed and

---

[1] The Rule was amended effective December 1, 2011 changing the word "shall" to "must" in an effort "to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only. There is no intent to change any result in any ruling on evidence admissibility." Committee Notes on Rules--2011 Amendment. "Use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." *Jones v. Shalala*, 5 F.3d 447, 451 (9th Cir.1993) (quoting *City of Edmonds v. United States Dep't of Labor*, 749 F.2d 1419, 1421 (9th Cir.1984)).

provides the documentary or other evidence to be judicially noticed. *See J&j Sports Prod.s Inc v. Arrizon*, C 09-05118 WHA, Order Denying Plaintiff's Request to Take Judicial Notice of Settlement, (N.D. Cal., 2011)(Copy of the parties' settlement was not attached to request and thus court was not "'supplied with the necessary information.'"); *Papai v. Harbor Tug and Barge Co.*, 67 F.3d 203, 207 n. 5 (9th Cir. 1995)(copy of the document to be judicially noticed was supplied and the party opposing judicial notice did not dispute the document was a true and correct copy).

Here, by way of their JNM, Plaintiffs provided the Court with the "necessary information" because the documents and materials to be judicially noticed were attached to Plaintiffs' JNM and the requested adjudicative facts were identified.

Where the requirements of Fed.R.Evid. 201 have been met, the judicially noticed fact is conclusive and, at the time of trial, the jury must be so instructed. Fed.R.Evid. 201(f). Thus, even if facts alleged in Plaintiffs' FAC are "deemed true" for purposes of a motion to dismiss under Fed.R.Civ.P. 12(b)(6), Plaintiffs are nevertheless entitled to mandatory judicial notice (and the corresponding finding of conclusiveness). It simply cannot be held that a conclusively established adjudicative fact is superfluous or unnecessary. Defendants, in essence, acknowledge the inconsistency of their argument when they implore the Court to refrain from taking judicial notice as requested by Plaintiffs because "[s]uch conclusiveness at this very early stage . . . would be inappropriate and contrary to the important policies underlying Fed.R.Civ.P. 1." Opposition, 11:13-20. On the contrary, judicial notice as requested by Plaintiffs would promote the just, speedy, and inexpensive determination of this action, as it would eliminate the necessity of proving matters which are indisputable and thereby wasting the Court's and the parties' time.

C. **PLAINTIFFS' JNM FALLS SQUARELY WITHIN THE CONFINES OF Fed.R.Evid. 201**

Defendants assert that Plaintiffs' JNM is "essentially, and in reality, nothing but a second opposition." Defendants' Opposition to JNM, 5:24. Defendants' argument, Opposition, 6:1-7:5[2]

---

[2] Defendants claim they "simply addressed the matters in Plaintiffs' Opposition, and did not bring up any new matters in their Reply." Opposition to JNM, 7:5, n. 2. This is incorrect.

is unpersuasive for several reasons.

First, Plaintiffs' JNM does not reargue any matter raised in their Opposition to Defendants' Motion to Dismiss. Plaintiffs' JNM is limited to the those points and authorities relevant to taking judicial notice pursuant to Fed.R.Evid. 201, which expressly permits a party to request the Court to take judicial notice of adjudicative facts, and which, unlike the filing of a sur-reply, does not require leave of court. Fed.R.Evid. 201.

Second, there is no timing requirement on a motion to take judicial notice. In fact, the court is permitted to take judicial notice "at any stage of the proceeding." Fed.R.Evid. 201(d). Procedural fairness requires only that a party be given an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. Fed.R.Evid. 201, Notes of Advisory Committee on Proposed Rules, [former] subdivision (e).

Defendants have been afforded the requisite procedural fairness. Plaintiffs' FAC makes reference to the documents attached to Plaintiffs' JNM with which Defendants were undeniably served. Defendants had sufficient opportunity to and did oppose Plaintiffs' JNM. Finally, the Court has set oral arguments on Plaintiffs' JNM as well as Defendants' Motion to Dismiss. Thus, even if the Court determines that Plaintiffs' JNM is a "second opposition," striking or disregarding it is unwarranted because Defendants have been afforded adequate opportunity to respond and have not asserted they have been prejudiced in any way.

Third, the Court can take judicial notice of adjudicative facts on its own. Fed.R.Evid. 201(c)(1). And, when ruling on a Rule 12(b)(6) motion to dismiss, Courts must generally

---

While Defendants' Motion to Dismiss does not contend Plaintiffs' lawsuit is frivolous, Defendants' Reply, repeatedly makes such an assertion. *See e.g.,* Reply at 2:19-20 ("Instead, this case is being driven by a disgruntled parent, Mary Frudden, who is clogging the federal courts with nothing more than a frivolous lawsuit."); at 7:11-15 ("A court may dismiss a claim as frivolous when it lacks an arguable basis either in law or fact. [Citation]. This [Third] claim satisfies that criterion, so it should be dismissed."). Issues raised for the first time in a reply brief are not ordinarily considered by the Court. *United States v. Boyce*, 148 F.Supp.2d 1069, 1085 (S.D.Cal.2001); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief); *United States v. Boggi,* 74 F.3d 470, 478 (3d Cir.1996) (noting that considering arguments raised for first time in reply brief deprives opposing party of adequate opportunity to respond).

1  consider the complaint in its entirety, as well as other sources courts ordinarily examine when
2  ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the
3  complaint by reference, and matters of which a court may take judicial notice. *See* 5B Wright &
4  Miller §1357 (3d ed. 2004 and Supp. 2007); *see also, Tellabs, Inc. v. Makor Issues & Rights,*
5  *Ltd.*, 127 S. Ct. 2499 (2007).

6  Where, as here, the Court can and should consider the matters requested by Plaintiffs in
7  their JNM, it would be a waste of resources and unnecessarily delay the resolution of this action
8  to strike or disregard them. Cf. Fed.R.Civ.P. 1 (The Federal Rules of Civil Procedure "should be
9  construed and administered to secure the just, speedy, and inexpensive determination of every
10 action and proceeding."); *Dayton Valley Investors v. Union Pacific R. Co.*, 664 F.Supp.2d 1174
11 (D. Nev., 2009)(Where a court determines that it would be more efficient—not just for the parties
12 but particularly for the court—to consider a belated motion for summary judgment rather than
13 strike it, the Rule 16 "good cause" requirement does not stand in the way).

   **D.  PLAINTIFFS' JNM SEEKS JUDICIAL NOTICE OF ADJUDICATIVE FACTS**

16 Defendants contend Plaintiffs' JNM, sections II.A, II.B and II.D. involve requests to take
17 judicial notice of legislative facts which are outside the scope of Fed.R.Evid. 201. Opposition,
18 3:15-18; 10:6-12. An adjudicative fact is a fact "concerning the immediate parties--who did what,
19 where, when, how, and with what motive or intent." Fed.R.Evid. 201(a), Advisory Committee's
20 Note. "Legislative facts, on the other hand, are those which have relevance to legal reasoning and
21 the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or
22 court or in the enactment of a legislative body." *Id.*

23 Plaintiffs request the Court to take judicial notice of the Written Uniform Policy, the
24 school board minutes and the Washoe County School District Parent Student Handbook.
25 Defendants object to judicial notice of these documents, arguing to do so would be the equivalent
26 of taking judicial notice of the law. Opposition, 9:16-10:13.

   **1.  Written Uniform Policy.**

28 Plaintiffs request judicial notice of the Written Uniform Policy in order to establish the

1 adjudicative fact the Written Uniform Policy contains the statement "The main purpose of the Roy
2 Gomm School Uniform Policy is to establish a culture of 'one team, one community' at Roy
3 Gomm Elementary School." The contents of the Written Uniform Policy are referred to in
4 Plaintiffs' FAC and the Written Uniform Policy is a public document published on the Washoe
5 County School District's website for Roy Gomm. It is not subject to reasonable dispute, and the
6 Defendants do not dispute the Written Uniform Policy contains the statement regarding the main
7 purpose of the Uniform Policy. The statement is quoted *verbatim* from the Written Uniform
8 Policy itself and is not "slanted" in Plaintiffs' favor. The fact requested to be judicially noticed
9 provides the "motive and intent" for implementing the Written Uniform Policy. As such, it can be
10 judicially noticed as an adjudicative fact.

11 Similarly, Plaintiffs request judicial notice of the Written Uniform Policy in order to
12 establish the adjudicative fact the Written Uniform Policy contains the exemption specified in
13 Plaintiffs' JNM at section II.C.1.b. Again, this is not subject to reasonable dispute, and the
14 Defendants do not dispute the Written Uniform Policy contains the stated exemption. The
15 exemption is quoted *verbatim* from the Written Uniform Policy itself and is not "slanted" in
16 Plaintiffs' favor. The fact requested to be judicially noticed provides the "motive and intent" to
17 provide an exemption and the "what, where, when, and how" the exemption will apply. As such,
18 it can be judicially noticed as an adjudicative fact.

19 Finally, judicial notice of the Written Uniform Policy in order to establish the adjudicative
20 fact the Written Uniform Policy contains a sequential progressive disciplinary plan against a
21 student who is insubordinate. This fact is not subject to reasonable dispute, and the Defendants
22 do not dispute the Written Uniform Policy contains such a disciplinary plan. Plaintiffs have not
23 slanted this fact in their favor. The fact requested to be judicially noticed provides the "what,
24 where, when, and how" disciplinary action will be taken against an insubordinate student. As
25 such, it can be judicially noticed as an adjudicative fact.

26        **2.**    **The Minutes of the Washoe County School District Board of Trustees' Meetings.**
27
28 By way of their JNM, Plaintiffs do not ask the Court to take judicial notice of the Board's

1  meeting minutes in order to establish what the Board of Trustees *did* in adopting a policy, rather,
2  Plaintiffs seek to establish as an adjudicative fact the Board of Trustees did *not* taken certain steps
3  before Roy Gomm implemented the Written Uniform Policy. JNM, 5:12-23. It is not disputed
4  the minutes of the Board's public meetings are public records published on the Washoe County
5  School District's website.

6  In *Harris v. Bd. of Supervisors of La. State Univ.*, No. 09-31126, p. 4 n. 2 (5th. Cir.
7  December 8, 2010)(unpublished disposition), the Fifth Circuit took judicial notice pursuant to
8  Fed.R.Evid. 201(b) of Louisiana State University's board of supervisors' website and meeting
9  minutes to establish the adjudicative fact the judge was not a member of the board of supervisors
10 when he presided over the case and was therefore not subject to disqualification. Though not
11 binding authority, the Court can look to *Harris* in determining whether judicial notice may be
12 taken of meeting minutes of the board of a public institution, like WCSD's Board of Trustees.

13 Notably, Defendants do not dispute the meeting minutes provide support for the
14 adjudicative facts asserted in section II.C.2.a-d. Nor do they cite to meeting minutes which would
15 refute the facts for which Plaintiffs seek judicial notice. Rather, Defendants criticize Plaintiffs'
16 citation to the Washoe County School District Board of Trustees meeting minutes archive
17 claiming the citation indicates Plaintiffs want only "*their slant*" on the facts to be established.
18 Opposition, 8:9-10 [emphasis in Opposition]; 9:1-3. It is difficult to understand how Plaintiffs
19 can be expected to provide a more specific citation to the board's meeting minutes to establish the
20 adjudicative fact *no action* was taken to comply with NRS 386.365 and 392.458 (for example,
21 that there was no notice at least 15 days in advance before Roy Gomm implemented the Written
22 Uniform Policy or that no policy has been established by the board of trustees that requires pupils
23 to wear school uniforms). Defendants themselves employ the same practice when they cite to the
24 "Court Record (no such motion)" in support of their assertion that Plaintiffs did not seek leave to
25 file a sur-reply. *See* Opposition, 7:1-2.

26 Defendants also contend that the facts requested by Plaintiffs in JNM, II.C.2.b. and
27 II.C.2.c. are "*at odds with*" another adjudicative fact for which the Plaintiffs request judicial notice
28 at JNM, II.C.7.b. They are incorrect. It is entirely consistent to establish that the Board of

1  Trustees "considered" the matters voiced in Mary Frudden's letter of June 6, 2011 but that not
2  *all* persons interested in the Written Uniform Policy were afforded a reasonable opportunity to
3  submit data, views and arguments, orally or in writing to the Board of Trustees and that the board
4  of trustees did not consider *all* written and oral submissions respecting the proposal or change
5  before taking final action on the Written Uniform Policy [because no notice was provided as
6  stated in II.C.2.a].

### 3. The Washoe County School District Parent Student Handbook.

Plaintiffs request judicial notice of this public record in order to establish adjudicative facts regarding statements contained in the Handbook. JNM, 5:24-6:9. Like the Written Uniform Policy, the contents of the Handbook are referred to in Plaintiffs' FAC and it is a public document published on the Washoe County School District's website. It is not subject to reasonable dispute, and the Defendants do not dispute the Handbook contains the statements sought to be judicially noticed. The statements are taken directly from the Handbook itself and are not "slanted" in Plaintiffs' favor. The facts requested to be judicially noticed establish where, when and how students' dress can be limited and the motive and intent for limiting student dress. As such, the Handbook can be judicially noticed to establish these adjudicative facts.

### 4. The Definition of *Ultra Vires*.

Plaintiffs withdraw their request regarding judicial notice of the definition of *ultra vires*.

### 5. The Websites of US Soccer and AYSO.

Contrary to Defendants' assertion, Plaintiffs do not ask the Court to take judicial notice of 36 U.S.C. § 220512 *et seq.* Opposition, 10:21-22; JNM, 7:28-8:9. Rather, Plaintiffs request judicial notice of the fact US Soccer is the national governing body for soccer in the United States and AYSO is an affiliate member of US Soccer. Based upon the content of the websites of US Soccer and AYSO, sources whose accuracy cannot reasonably be questioned, the Court can judicially notice the fact AYSO is a nationally recognized youth organization which has regular meeting days Monday through Saturday. Defendants' feigned ignorance of the relevance of these websites is unavailing as Defendants acknowledge Plaintiffs' FAC refers to AYSO, Opposition, 6:20, n. 1; 10:25-26, and Plaintiffs' FAC refers extensively to AYSO and establishes the relevance

1  of the adjudicative facts. FAC, ¶¶ 107-114; 123-125; and 19:15-19.

2  **E.  DEFENDANTS FAIL TO ESTABLISH PLAINTIFFS' CITED AUTHORITIES ARE INAPPOSITE**

4  Defendants' final argument is that case law cited by Plaintiffs is "readily distinguishable, overstated, and/or inapposite." Opposition, 12:1-2. Defendants first point to Plaintiffs' citation of *Ins. Co. of N. America v. Hilton Hotels USA*, 908 F.Supp. 809, 813, n. 1 (D.Nev. 1995), but then fail to explain why this case is distinguishable, overstated, and/or inapposite. Opposition, 13:3-14:7. The same is true for Plaintiffs' citation to *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) and *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir. 1986). Opposition, 14:18-15:14.

Defendants next set out the facts of *Citizens for Peace in Space v. City of Colo. Springs*, 477 F.3d 121, 1217 (10th Cir. 2007), cited in Plaintiffs' JNM, at 2:24-26. Opposition, 15:18-25. Defendants do not dispute that judicial notice of information on the Internet is appropriate, the proposition for which this case is cited by Plaintiffs. *Id*. at 15:25. Rather, without any reasoning, Defendants simply state "Plaintiffs' requests, by stark contrast, are inappropriate." *Id*. at 15:26-16:1.

Defendants contend *Denius v. Dunlap*, 330 F.3d 919, 922 (7th Cir. 2003) does not support Plaintiffs' JNM because Plaintiffs are requesting judicial notice of "*their view*" of the facts, which facts are "sufficiently alleged in the FAC for purposes of Defendants' Motion to Dismiss." Opposition, 17:1-2 [emphasis in Opposition]. Defendants do not contend *Denius* fails to provide authority for taking judicial notice of an official government website, but merely reassert their "superfluous and unnecessary" argument. *Id*. Plaintiffs direct the Court to section II.B herein in response to this reassertion.

The pin cite provided by Plaintiffs in their citation to *United States v. Chapel*, 41 F.3d, 1338, 1342 (9th Cir. 1994), JNM 3:1, makes clear why the case was cited--judicial notice may be taken of "adjudicative facts not subject to reasonable dispute" where the source of the information to be judicially noticed is such that its "accuracy cannot reasonably be questioned," which, in *Chapel* was the FDIC. Notably, Defendants do not contend that the Washoe County School

1  District, which maintains a website found at www.washoe.k12.nv.us, is *not* a source of
2  information whose accuracy cannot reasonably be questioned. Judicial notice of the documents
3  contained on the Washoe County School District's website, for the purpose of establishing the
4  existence of statements made in those documents (and not for the truth of the statements), is
5  appropriate under Fed.R.Evid. 201.

6  **III.   CONCLUSION**

7  Not surprisingly, Defendants' Opposition is more revealing for what it does not argue than
8  for what it does. Defendants do not dispute the authenticity of the documents attached to
9  Plaintiffs' JNM, nor do they contend the sources of those documents can be reasonably disputed.
10 Defendants do not contend that the facts requested to be judicially noticed from those documents
11 are subject to reasonable dispute or that they are incapable of accurate and ready determination by
12 resort to sources whose accuracy cannot reasonably be questioned.

13 Defendants voice their view (or more appropriately, their lawyer voices her view) that
14 Plaintiffs' request to take judicial notice of the emails from Defendant Pilling to Mary Frudden
15 and the June correspondence to and from Defendant Rauh and Mary Frudden are part of
16 Plaintiffs' "hodgepodge," Opposition, 6:20, n.1. However, Defendants' Opposition is completely
17 devoid of any argument or authority which would support a denial of Plaintiffs' JNM with regard
18 to the emails from Defendant Pilling to Plaintiff Mary Frudden for the purpose of establishing the
19 adjudicative fact the Uniform Committee "took action" at least as late as May 10, 2011 or from
20 judicially noticing Mary Frudden's June 6, 2011 and Lynn Rauh's June 28, 2011 response thereto
21 and the envelope in which that response was mailed for the purposes of establishing the
22 adjudicative facts set forth in Plaintiffs' JNM, 6:26-7:24.

23 Defendants had a full opportunity to respond to Plaintiffs' JNM, which Motion is
24 expressly authorized by Fed.R.Evid. 201. Furthermore, Defendants will have the opportunity to
25 argue their position at oral arguments before the Court on January 17, 2012. Thus, their
26 arguments regarding Plaintiffs' "second bite at the apple" are entirely immaterial.

27 Moreover, Defendants' arguments regarding superfluousness and necessity are
28 unconvincing given the conclusiveness given to a fact which has been judicially noticed and are

1 entirely at odds with the purposes underlying Fed.R.Evid. 201.

2 The Court need look no further than the language of Fed.R.Evid. 201 to determine the propriety of taking judicial notice as requested by Plaintiffs in their Motion to Take Judicial Notice. The matters on which Plaintiffs request judicial notice concern facts which would normally go to the jury regarding the parties and their activities. Where, as here, Defendants do not dispute the authenticity of the documents and do not contend the facts are subject to reasonable dispute, requiring Plaintiffs to prove such facts would be a waste of judicial resources.

Plaintiffs' JNM satisfies the requirements of Fed.R.Evid. 201 and advances the purposes behind the Rule. Based upon the foregoing and Plaintiffs' JNM, Plaintiffs request the Court to take judicial notice of the matters set forth in their JNM as mandated by Fed.R.Evid. 201.

Respectfully submitted this 3rd day of January, 2012.

By: /s/ Mary Frudden
MARY FRUDDEN, ESQ.
Nevada State Bar No. 3973
and JON E. FRUDDEN
*Pro Se*
1902 Carter Dr.
Reno, NV 89501
Telephone: 775-324-7078
maryfrudden@sbcglobal.net

On Behalf of Themselves and their Minor Children

## CERTIFICATE OF SERVICE

I hereby certify that I hand-delivered a copy of the foregoing document to Defendants to the following:

MAUPIN, COX & LeGOY
4785 Caughlin Parkway
Reno, NV 89519

Dated this 3rd day of January, 2012.

_____
Mary Frudden