UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MARY FRUDDEN et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 3:11-cv-00474-RCJ-VPC |
| vs. | ) | |
| | ) | |
| KAYANN PILLING et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of the adoption of a school dress code at a public elementary school. The Court has regained jurisdiction upon remand from the Court of Appeals.

## I.   FACTS AND PROCEDURAL HISTORY

Pro se Plaintiffs Mary and John E. Frudden are the parents of two minor children (the "Children") who attend Roy Gomm Elementary School ("RGES") in Reno, Nevada. (Compl. ¶¶ 4–5, Oct. 18, 2011, ECF No. 3). The RGES Parent Faculty Association, Inc. ("PFA") is a non-profit fundraising organization with no statutory authority to make rules or regulations affecting RGES students. (*Id.* ¶¶ 17–18). Nevertheless, at a January 19, 2010 PFA meeting, PFA President Mimi Butler asked the attendees about their interest in school uniforms, although nothing concerning a dress code was listed on the agenda. (*Id.* ¶¶ 19, 21). At the March 16, 2010 PFA meeting, the dress code did appear on the agenda, though the agenda was not distributed prior to the meeting. (*Id.* ¶ 26). An April 2010 issue of the RGES newspaper, the Gopher

Gazette, noted that the PFA was recommending adoption of school uniforms for the 2010–2011 school year. (*Id.* ¶ 29).  At an April 13, 2010 PFA meeting, Butler noted that in order for the adoption of school uniforms to pass, two-thirds of the ballots returned would have to be in support, and all families would have to vote. (*Id.* ¶ 32).  The ballots were sent home with students, and each family was entitled to one vote regardless of the number of children it had at RGES. (*Id.* ¶¶ 35–36).  The ballots were not confidential, and no safeguards were used to ensure parents received the ballots or that parents actually cast the votes, as opposed to students. (*Id.* ¶¶ 39–40).  The May 2010 Gopher Gazette reported the results as 62% in favor of the dress code, which was not enough for the measure to pass. (*Id.* ¶ 42).  At the May 18, 2010 PFA meeting, Butler reported the defeat of the measure and noted the PFA would try again the following year. (*Id.* ¶ 47).

At a PFA meeting on February 11, 2011, RGES Principal KayAnn Pilling appointed a uniform committee (the "Committee") to gather information and educate parents about the proposed dress code. (*Id.* ¶¶ 49–51).  At the March 2011 PFA meeting, Butler reported that a parent information night and fashion show would be held on April 26, 2011, and the April 2011 Gopher Gazette contained the same announcement. (*Id.* ¶¶ 58–59).  Parents had no meaningful opportunity to submit opposing data or argument at the April 26, 2011 meeting. (*Id.* ¶ 63).  On April 27, 2011, Plaintiff Mary Frudden requested certain information by email from Defendant Dina Hunsberger, the chairwoman of the Committee and Vice President of the PFA. (*Id.* ¶ 82).  Later that day, Frudden sent an email to Hunsberger, Pilling, and Washoe County School District ("WCSD") Superintendent Heath Morrison asserting that the school had no authority to adopt a dress code and that the action was unconstitutional. (*Id.* ¶ 83).  The May 2011 Gopher Gazette, published on April 29, 2011, noted that ballots had to be returned by May 2, 2011. (*Id.* ¶ 89).  As with the previous ballots, the ballots were not confidential, and no safeguards were used to ensure parents received the ballots or that parents actually cast the votes, as opposed to the

students. (*Id.* ¶¶ 92–93, 96). Some ballots were sent home with students, but some were handed out at the April 26, 2011 meeting. (*Id.* ¶¶ 94–95).

On May 8, 2011, Pilling announced via "connect-ed" that over 70% of families had returned their ballots and 66% of families had voted in favor of uniforms, so uniforms would be required the following year. (*Id.* ¶ 103). On May 9, 2011, Frudden emailed Hunsberger to determine when the ballots would be available for review. (*Id.* ¶ 106). After several more attempts to contact Hunsberger and others, and after being directed to Pilling and others, (*see id.* ¶¶ 107–26), Pilling eventually sent Frudden the ballot report and vote summary to Frudden by email on May 16, 2011, (*id.* ¶ 127). The vote summary did not indicate how many ballots were issued and returned, but only that 70% of families voted, and it noted that three late "yes" votes were not counted. (*Id.* ¶ 128). The summary indicated that 183 of the 276 votes cast were cast in favor of uniforms. (*Id.* ¶ 129). Although Plaintiffs do not point it out, 183 of 276 is 66.3%, which is less than two-thirds.[1] Two-thirds of 276 is exactly 184, so although Plaintiffs emphasize that one single fewer vote would have resulted in the measure failing under the two-thirds requirement, (*see id.* ¶ 130), the measure in fact failed to pass under the two-thirds requirement according to Pilling's own records.

On May 31, 2011, RGES sent home a pre-order form, to the back of which was attached the written uniform policy (the "Policy"). (*Id.* ¶¶ 144–46). On June 2, 2011, Frudden and two other parents of RGES students met with Defendant WCSD Area Superintendent Lynn Rauh. (*Id.* ¶ 148). Frudden asked Rauh what authority an individual school had to implement a uniform policy, and Rauh stated there was no written authority and that Rauh had the ability to prevent the Policy from being acted upon but would not make a decision at that time. (*Id.* ¶¶ 150–52). On June 6, 2011, Frudden delivered to the WCSD Board of Trustees, Morrison, Rauh, Pilling,

---

[1] As a decimal, two-thirds is written as $0.\overline{6}$, with a horizontal bar over the decimal to indicate that the six repeats forever, i.e., 0.66666, etc.  66% is less than two-thirds, as is 66.3%.

and WCSD Attorney Chris Reich a request to declare the Policy void or to revoke it. (*Id.* ¶ 154). No party responded to this request. (*Id.* ¶ 161).

Plaintiffs sued Pilling, Hunsberger, Morrison, Rauh, Reich, the Committee, and WCSD in this Court on eighteen causes of action.  The First Amended Complaint ("FAC") omits Reich as a Defendant and lists sixteen causes of action: (1) Declaratory Judgment that the Committee and RGES had no power to enact the Policy under Nevada Revised Statutes ("NRS") section 392.458; (2) violation of the Children's First Amendment rights pursuant to 42 U.S.C. § 1983 due to the requirement to wear particular clothing; (3) violation of associational rights between Plaintiffs and the Children pursuant to § 1983; (4) Procedural and Substantive Due Process violations pursuant to § 1983; (5) violation of Substantive Due Process pursuant to § 1983; (6) Failure to Train and Supervise pursuant to § 1983; (7) violation of the Equal Protection Clause pursuant to § 1983; (8) violation of Plaintiffs' First Amendment rights pursuant to § 1983 due to RGES's viewpoint discrimination in the unequal use of facilities as between supporters and opponents of the Policy; (9) Violation of NRS section 392.4644; (10) Declaratory Judgment of the violation of open meetings laws under NRS Chapter 241; (11) "Breach of Special Relationship"; (12) Intentional and Negligent Misrepresentation; (15) Declaratory Judgment of the violation of access to public records laws under NRS Chapter 239; (14) Attorney's Fees and Costs under § 1988; (15) Injunctive Relief; and (16) Declaratory Relief.

Defendants moved to dismiss for failure to state a claim.  The Court dismissed the federal claims and some of the state law claims but declined to exercise jurisdiction over other state law claims.  Plaintiffs appealed.[2]  The Court of Appeals ruled that the mandatory display of the school motto (though not the bare fact of the uniforms themselves) and the limitation on the

---

[2]Plaintiffs also pursued the state law claims over which this Court had declined to exercise jurisdiction in state court, and the state district court dismissed or summarily adjudicated those claims.  The Nevada Supreme Court has heard oral argument on the appeal.

1  exception to the Policy permitting the wear of uniforms of nationally recognized youth
2  organizations, should be reviewed on remand under strict scrutiny. (*See* Op., Feb. 14, 2014, ECF
3  No. 27). The mandate has issued.

## II.   DISCUSSION

On appeal, with counsel having been associated, Plaintiffs argued only the second cause of action for a violation of the Children's First Amendment rights, i.e., the compelled speech claim. The Court of Appeals noted at oral argument that the case had been presented on appeal differently than it had been presented here. The difference between the case in this Court and the case as argued on appeal is in fact even greater than the Court of Appeals has recognized, in at least two respects.

First, counsel argued on appeal, and the Court of Appeals appears to have accepted in its opinion, that the disputed motto on the uniform reads "Tomorrow's Leaders," not "One Team, One Community," as this Court's order stated. But as the Court of Appeals noted, this Court decided the case at the dismissal stage, and therefore the only relevant factual materials before the Court were (and remain) the allegations in the First Amended Complaint ("FAC"), in which Plaintiffs have alleged in at least *eight* places that the objected-to compelled speech is "one team, one community." (*See* First Am. Compl. ¶¶ 101, 102, 103, 104, 105, 148(a), 148(c), 158, Oct. 18, 2011, ECF No. 3). Only in one place in the FAC is there any allegation of the motto "tomorrow's leaders." (*See id.* ¶ 116). The second cause of action for violation of the Children's First Amendment rights—the only issue pressed on appeal—specifically identifies thereunder only "one team, one community" as the objected-to motto. (*See id.* ¶ 158).[3] The Court assumed

---

[3]In the original Complaint, Plaintiffs had alleged in at least four places that the challenged motto was "one team, one community." (*See* Compl. ¶ 209(a), July 6, 2011, ECF No. 1 ("[The uniform c]ompels students to speak a required message—that they are 'one team, one community' . . . ."); *see id.* ¶ 209(c) ("[O]nly shirts that contain the Roy Gomm logo sending the message 'one team, one community' are permitted . . . ."); *see id.* ¶¶ 211(c), 222). Nowhere in

1  at the dismissal stage, as it was required to assume, that the allegations in the FAC were true.

2       Second, counsel argued on appeal that Plaintiffs' grievance was only with the motto, not
3  with the bare fact of the uniform requirement or even the gopher logo.  Counsel went so far as to
4  indicate that Plaintiffs would be content with a uniform requirement that omitted the motto or
5  made it optional.  That position is drastically different from the position Plaintiffs took in this
6  Court.  The allegations in the FAC focus just as heavily upon the bare fact of the uniforms as
7  upon the presence of the motto.

8       Because the remand order directs the Court to focus further proceedings in part upon the
9  content of the challenged motto, and because the allegations in the FAC as to that content are at
10 best unclear and at worst incorrect, the Court will first require Plaintiffs to amend the FAC to
11 make a more definite statement as to the remaining cause of action for compelled speech and to
12 excise incorrect or extraneous allegations.  As Plaintiffs have now associated counsel,[4]
13 amendment will also help to ensure that the claims pressed here will be the same as those pressed
14 in any further appeal, if necessary.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///

---

the original Complaint was there any mention at all of the motto "tomorrow's leaders."

[4] The Court notes that Plaintiffs have also associated local counsel in this Court, not only appellate counsel, whose representation of Plaintiffs may have been limited to the appeal.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff shall have twenty-eight (28) days to file a second amended complaint containing a more definite statement. The second amended complaint shall consist only of the second cause of action listed in the First Amended Complaint and allegations relating directly thereto, and it shall clearly allege the content of the objected-to speech.

IT IS SO ORDERED.

Dated this 11th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge