**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JON E. FRUDDEN, | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00474-RCJ-VPC |
| vs. | ) | |
| | ) | |
| KAYANN PILLING et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of the adoption of a school dress code at a public elementary school. Upon regaining jurisdiction from the Court of Appeals, the Court filed an order requiring Plaintiffs to file a Second Amended Complaint ("SAC") to identify the objected-to speech and to focus the pleading for further proceedings. Attorney (and former co-Plaintiff) Mary Frudden then timely filed the SAC on behalf of remaining Plaintiff Jon E. Frudden.

Defendants have now asked the Court to strike the SAC because Plaintiff did not request leave to file it. The Court denies the motion. As Plaintiff notes, he did not need to request leave to file an amendment that the Court ordered him to file. Defendants also object that Attorney Frudden has removed herself as a Plaintiff and associated herself as an attorney. Defendants posit that the Fruddens are simply positioning themselves to obtain attorney's fees via this maneuver, where they would not be entitled to attorney's fees if they proceeded *in pro se*. The parties' litigation strategies, however, are of no concern to the Court, so long as they are not

1 improper.¹

2  Although the Court denies the motion to strike, it will not award sanctions against Defendants for having filed the motion. Nor will the Court enter default, as Defendants have not failed to "plead or otherwise defend." The Rule 12(f) motion was enough for Defendants to "otherwise defend" under Rule 55. Now that the motion has been denied, however, Defendants must file an answer.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 34) is DENIED.

IT IS FURTHER ORDERED that Defendants shall file an answer within fourteen (14) days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

Dated this 27th day of May, 2014.

_____
ROBERT C. JONES
United States District Judge

---

¹Although the issue is not yet ripe, the Court notes that an award of attorneys fees would probably not be appropriate under 42 U.S.C. § 1998(b) in the present case, where Attorney Frudden was originally a Plaintiff and necessarily retains an interest in the outcome of the case due to her familial relationship with Plaintiff and their common children. That is, Mr. Frudden has gained nothing in the way of legal expertise through Ms. Frudden's dissociation as a pro se Plaintiff and association as his attorney. Because the association of Ms. Frudden as an attorney has added no legal expertise that the Fruddens would not have enjoyed were they to have continued on as co-Plaintiffs in pro se, the purpose of § 1988(b)—encouraging the retention of objective, independent counsel—would not be served by awarding fees here, and it would in fact discourage the retention of independent counsel in cases where spouses have a common cause and one happens to be an attorney. *See Kay v. Ehrler*, 499 U.S. 432, 437–38 (1991) (rejecting that a pro se attorney may obtain fees under § 1988(b) because "the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case").