|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

| | |
|---|---|
| JON E. FRUDDEN, etc. | 3:11-cv-00474-RCJ-WGC |
| Plaintiff, | **ORDER APPROVING**<br>**JOINT CASE MANAGEMENT REPORT** |
| vs. | **Doc. # 50** |
| KAYANN PILLING, et al., | |
| Defendants. | |

At the Case Management Conference conducted on July 2, 2014, the court approved the parties' Joint Case Management Report, more specifically the deadlines set forth at pages 14-15 of the report. However, the court expressed its concern as to the extent of the legitimate claims which have survived and are properly before the court subsequent to the order of District Judge Robert C. Jones dismissing Plaintiffs' action on January 31, 2012 (Doc. # 17)[1]; the opinion of the United States Court of Appeals for the Ninth Circuit (Case #: 12-15403, Doc. # 27); the subsequent order of Judge Jones directing Plaintiffs to file a second amended complaint (Doc. # 31); and the Second Amended Complaint filed by Plaintiff Jon E. Frudden as parent and guardian of his minor children John Doe and Jane Doe (Doc. # 32).

Judge Jones's order directing Plaintiff to file a Second Amended Complaint discussed the history of this action. (Doc. # 31.) It addressed his initial dismissal of "the federal claims and some of the state law claims" (with the court declining to exercise jurisdiction over certain other state law claims). (Doc. # 31 at 4.) Judge Jones further noted that the "Court of Appeals ruled that the mandatory display of the

---

[1] Refers to court's docket number.

1  school motto (though not the bare fact of the uniforms themselves) and the limitation on the exception
2  of the Policy permitting the wear of uniforms of nationally recognized youth organizations should be
3  reviewed on remand under strict scrutiny." *Id.* at 4-5. That same order continued on to discuss the
4  apparent focus of the Court of Appeals on the slogan "Tomorrow's Leaders" and not another logo which
5  appeared to be more frequently mentioned in the First Amended Complaint, *i.e.*, "One Team, One
6  Community." *Id.* at 5. Judge Jones' order characterized Plaintiffs' "grievance" on appeal

> . . . was only with the motto not with the bare fact of the uniform requirement or even the gopher logo. Counsel went so far as to indicate that Plaintiffs would be content with a uniform requirement that omitted the motto or make it optional. That position is drastically different from the position Plaintiffs took in this Court. The allegations in the FAC focus just as heavily upon the bare fact of the uniforms as upon the presence of the motto.

*Id.* at 6.

Because Judge Jones found the allegations in the First Amended Complaint to be "at best unclear and at worst incorrect," he directed Plaintiffs to amend the first amended complaint and to provide a more definite statement as to what the court characterized as being "the remaining cause of action for compelled speech and to excise incorrect or extraneous allegations." (*Id*.) More specifically, Judge Jones delineated the permissible scope of the action, stating, "[t]he second amended complaint shall consist only of the second cause of action listed in the First Amended Complaint and allegations relating directly thereto, and it shall clearly allege the content of the objected-to speech." (*Id.* at 7.)

The parameters of the Second Amended Complaint could therefore conceivably be interpreted to only consist of the previously pled allegations of the second cause of action of the First Amended Complaint, which pertained to the content of the logo or slogans on the uniforms, *i.e.*, the "objected-to speech."[2] (Doc. # 3 at 30-35.)

However, one could also interpret the original second claim for relief as at least peripherally challenging the uniform requirement itself as part of the cause of action. Certainly, this was the position Plaintiff's counsel Mary Frudden expressly espoused at the July 2, 2014 case management conference,

---

[2] At the hearing Defendants' counsel represented the Roy Gomm Elementary School uniform, starting in Fall 2014, will no longer contains either the "Tomorrow's Leaders" or "One Team, One Community" slogan. Thus the scope of discovery relative to this cause of action should be considerably narrowed.

2

1  *i.e.*, that the Second Amended Complaint (Doc. # 32) is predicated upon two theories or claims for relief:
2  (1) the requirement of the logo or slogan on the uniform, <u>and</u> (2) the requirement of a uniform itself even
3  without any slogan or logo.[3]

4  The undersigned expressed concern at the case management conference whether the uniform
5  requirement survived the decision of the Ninth Circuit of Appeals (Doc. #27 at 18) and/or Judge Jones'
6  order allowing only the previously pled allegations of the second cause of action of the First Amended
7  Complaint to proceed further. Although there may be some question whether the Second Amended
8  Complaint legitimately includes complaints relating to the uniform policy itself, nevertheless those
9  averments are included in the Second Amended Complaint at the present time. Therefore, discovery
10 relating to the uniform policy is allowed to proceed.

11 The parties are again reminded Local Rule 26-7 requires personal consultation between counsel
12 to attempt to resolve any discovery dispute before filing a discovery motion with the court.

13 Because the parties indicated their willingness to participate in a settlement conference, this
14 matter is being referred to Recalled Magistrate Judge Robert A. McQuaid, Jr., for a settlement
15 conference involving the parties.

16 IT IS SO ORDERED.

17 DATED: July 3, 2014.

18 _____
   WILLIAM G. COBB
19 UNITED STATES MAGISTRATE JUDGE

---

[3] This position expressed by counsel that the Plaintiff's action originally included a challenge to the uniform requirement seemingly conflicts with certain representations noted by Judge Jones in his March 1, 2014 Order: "Counsel went so far as to indicate that Plaintiffs would be content with a uniform requirement that omitted the motto or make it optional." (Doc # 31 at 6.)

Defendants' counsel has a different opinion as to the proper scope of the Second Amended Complaint, *i.e.*, that it should only include allegations relating to the "objected-to speech" and not the underlying uniform requirement. Counsel was advised by the undersigned this was an issue which he would have to direct to Judge Jones, perhaps in a partial motion to dismiss.