**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JON E. FRUDDEN, )<br>        Plaintiff, )<br>    vs. )<br>KAYANN PILLING et al., )<br>        Defendants. ) | 3:11-cv-00474-RCJ-VPC<br><br>**ORDER** |

This case arises out of the adoption of a school uniform at a public elementary school. Upon regaining jurisdiction from the Court of Appeals, the Court filed an order requiring Plaintiffs to file a Second Amended Complaint ("SAC") to identify the objected-to speech and to focus the pleading for further proceedings. Attorney (and former Plaintiff) Mary Frudden then timely filed the SAC on behalf of remaining Plaintiff Jon E. Frudden. The Court has denied a motion to strike the SAC.

The parties have argued before the magistrate judge whether the SAC properly contains a First Amendment claim based on the institution of the uniform *per se* as opposed to a more limited claim based on the alleged compelled speech represented by the motto on the uniform and the impropriety of the exemption policy. The magistrate judge ruled that unless and until this Court clarified that the *per se* claim was precluded, discovery could continue as to that claim. Defendants have now asked the Court to clarify its order on remand from the Court of Appeals,

wherein the Court noted that only the motto was argued as a First Amendment violation on appeal, not the bare fact of the uniforms, and that Plaintiffs' counsel on appeal orally represented to the Court of Appeals that Plaintiffs would be satisfied with a uniform that omitted the motto or made it optional. Plaintiffs argue that they wish to press the First Amendment claim also as to the bare fact of the uniforms themselves.

The Court has reviewed the record, and Defendants are correct. Plaintiffs appealed only two issues in their opening brief to the Court of Appeals: (1) whether the requirement for students to display a motto on their uniforms was inconsistent with the First Amendment under *Wooley v. Maryland*, 430 U.S. 705 (1977); and (2) whether the exception to the policy for the uniforms of "nationally recognized organizations such as the Boy Scouts and Girl Scouts" was an impermissible content-based regulation. At oral argument on appeal, Plaintiffs' counsel more than once conceded that a motto-less uniform without the content-based exemption for nationally recognized youth organizations would be unobjectionable under *Jacobs v. Clark Cnty. Sch. Dist.*, 526 F.3d 419 (9th Cir. 2008)[1] and that Plaintiffs did not object to the gopher mascot. The Court of Appeals noted that it had a different case before it than this Court had adjudicated. One judge on the panel noted that this Court hadn't had the chance to examine the motto as such, and that Plaintiffs had in fact argued in the district court that they had no objection to the content of the motto itself, but rather focused their grievance against the uniform requirement generally. The Court of Appeals then ruled only upon the two issues Plaintiffs had identified in their brief, reversing and remanding for this Court to consider the motto at summary judgment or trial under the strict scrutiny standard and noting that the exemption to the uniform policy was content-based and impermissibly gave officials content-based discretion.

In summary, the only claims pending before the Court after remand are the claims based

---

[1] Defendants request in the alternative that the Court simply grant them partial judgment on the pleadings under *Jacobs* as to any grievance against the bare fact of the uniforms.

on: (1) the motto; and (2) the exemption for nationally recognized organizations. The claim based on the bare fact of the uniforms was not preserved on appeal (and was in fact conceded at oral argument), and it is therefore not before the Court after remand.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Clarification (ECF No. 53) is GRANTED.

IT IS SO ORDERED.

Dated: This 16th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge