# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JON E. FRUDDEN, )
)
      Plaintiff, )
) 3:11-cv-00474-RCJ-VPC
vs. )
) **ORDER**
KAYANN PILLING et al., )
)
      Defendants. )

## I. FACTS AND PROCEDURAL HISTORY

Attorney Mary Frudden and her husband Jon E. Frudden are the parents of two minor children ("the Children") who attended Roy Gomm Elementary School ("RGES") in Reno, Nevada. The RGES Parent Faculty Association, Inc. ("the PFA") is a non-profit fundraising organization that adopted a school uniform policy in conjunction with RGES in 2011.

The Fruddens sued Defendants on behalf of the Children in this Court. The First Amended Complaint ("FAC") listed sixteen causes of action. Defendants moved to dismiss for failure to state a claim. The Court dismissed the federal claims and some of the state law claims and declined to exercise jurisdiction over other state law claims. Plaintiffs appealed. The Court of Appeals ruled that the mandatory display of the school motto (though not the bare fact of the uniforms themselves) and the content-based exception to the policy permitting the wear of

uniforms of nationally recognized youth organizations should be reviewed on remand under strict scrutiny. *See Frudden v. Pilling*, 742 F.3d 1199, 1207 (9th Cir. 2014).

On remand, the Court ordered Plaintiffs to amend, because the FAC was unclear as to the objected-to speech on the uniforms. Plaintiffs filed the Second Amended Complaint ("SAC"). Attorney Frudden withdrew as a representative Plaintiff and formally associated as her husband's attorney. The only claim remaining was the First Amendment claim against the compelled wearing of the school motto on the uniforms and the content-based exception for nationally recognized youth organizations. Defendants moved for summary judgment, and the Court granted the motion. The Court of Appeals affirmed in part but reversed in part and remanded for trial, noting that although it believed the previous panel had erred and that this Court's ruling should be affirmed in full, it felt bound under the law of the case. The panel called *sua sponte* for *en banc* reconsideration of the first panel's ruling, but the motion failed. Plaintiff requested a panel rehearing as to the affirmances, and the panel denied the motion. Defendants do not appear to have requested a rehearing or petitioned the Supreme Court for a writ of certiorari. Plaintiff moved for attorney's fees related to the appeal, and the Court of Appeals transferred the motion to this Court. The Court denied the motion, and an appeal of that order is pending. The parties disagree as to how the Court should proceed.

## II. DISCUSSION

The Court of Appeals ruled, "the question of damages for the two First Amendment violations by the Institutional Defendants remains to be decided by the district court. We remand for that purpose." *Frudden v. Pilling*, 877 F.3d 821, 833 (9th Cir. 2017). The parties disagree as to the scope of discovery to be taken and whether damages can be resolved via motion practice without trial.

///

**A.     Scope of Damages and Related Discovery**

Only damages stemming from: (1) the compelled wearing of the motto "Tomorrow's Leaders" on the uniforms; and (2) the inability to wear uniforms of organizations that were not "nationally-recognized youth organizations" on days when any such organizations had meetings, are recoverable. Damages, and therefore further discovery, is limited to these issues. There can be no damages based on the mere inability of the Children to wear clothing of their choice, i.e., based on the bare fact of a uniform. Because the precise issues were not clarified until recently, the Court will permit discovery directed to these issues for sixty (60) days from the date of this Order. Motions on relevant damages issues shall be due thirty (30) days thereafter. At this stage, any particular discovery disputes shall be directed to this Court, not to the Magistrate Judge.

Next, punitive damages are not permitted against municipalities under § 1983. *City of Newport v. Fact Concepts*, 453 U.S. 247 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996) (citing *id.* at 271). Plaintiff argued that he did not seek punitive damages against WCSD but only against the PFA. The Court noted that punitive damages could only be had against the PFA if it were not a municipality for the purposes of § 1983. The Court of Appeals ruled that the PFA does not have the qualified immunity defense. It may therefore be the law of the case that the FPA is a municipal Defendant against whom punitive damages may not be had. It could also be that the PFA is not a municipality for the purpose of punitive damages (because damages assessed against it will not be paid by taxpayers) and that it is also not entitled to a qualified immunity defense (because it is a private actor). Private actors are not entitled to qualified immunity. The PFA exists as a domestic non-profit. Under Chapter 84, it may sue and be sued in its own name, and its members are not liable for its acts. State law probably makes the PFA a "public body," at least for the purposes of the open meetings law, and the Ninth Circuit called

both the PFA and WCSD "institutional defendants," without distinguishing them into different categories. The Court will not attempt to sort out all of these issues now. The parties may argue in their motions whether the PFA is amenable to punitive damages and whether there is sufficient evidence to support punitive damages if it is.

B. **Motion Practice**

Plaintiff has a Seventh Amendment right to a determination of damages on the § 1983 claim. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709–10 (1999). That is not to say that dispositive motion practice is inappropriate on damages issues, but to the extent genuine issues of material fact remain as to damages after discovery and dispositive motion practice, a jury, not the Court, must sort out the conflicting evidence and determine damages. Plaintiffs have sufficiently prayed for more than the requisite $20, e.g., emotional distress. The Court disagrees that the language "to be decided by the district court" should be interpreted to mean "to be decided by the district court *as fact-finder*." The Court will not interpret ambiguous language to the derogation of Plaintiff's Seventh Amendment right.

IT IS SO ORDERED.

Dated this 31st day of August, 2018.

_____
ROBERT C. JONES
United States District Judge